IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GRAYBAR ELECTRIC COMPANY, INC.                                               PLAINTIFF

v.                              Case No. 4:18-cv-4128

WEYERHAEUSER COMPANY and
PREMIER IEC, LLC                                                            DEFENDANTS

# ORDER

On March 1, 2019, Plaintiff Graybar Electric Company, Inc. ("Graybar") filed a motion for summary judgment, asking the Court to determine that it is entitled to foreclose on a materialmen's lien and recover $766,397.60, along with pre- and post-judgment interest, fees, and costs. On March 22, 2019, Defendant Weyerhaeuser Company[1] filed a response, arguing *inter alia* that the motion should be denied because Graybar failed to support its summary judgment motion with evidence demonstrating that summary judgment is proper. On March 29, 2019, Graybar filed a reply, along with supporting exhibits.

On April 11, 2019, WNR filed objections to Graybar's reply. (ECF No. 31). WNR argues that Graybar failed to initially support its summary judgment motion with evidence and, thus, the Court should not permit Graybar to attach its evidence to its reply brief. Alternatively, WNR asks the Court for leave to file a sur-reply that addresses Graybar's reply and the attendant exhibits.

The Court cannot grant relief related to WNR's objections in its current state because it was not filed as a motion. *See* Fed. R. Civ. P. 6(b)(1) ("A request for a court order must be made by motion."). Thus, the Court will construe WNR's objections as a motion for leave to file a sur-

---

[1] As the Court has discussed in previous orders, the entity currently defending this case is not Weyerhaeuser Company but, rather, is Weyerhaeuser NR Company, a separate business entity. For ease of reference, the remainder of this order will refer to the entity litigating this case as "WNR."

reply. More than fourteen days have passed since WNR filed its objections and no party has responded. *See* Local Rule 7.2(b) (granting fourteen days to respond to a motion).

"On a motion for summary judgment, when a moving party advances new evidence and reasons in support of its motion for summary judgment in its reply, the court should either grant the nonmoving party an opportunity to respond or not consider or rely on any new evidence, materials or arguments propounded by the moving party." *Sowers v. Gatehouse Media Mo. Holdings, Inc.*, No. 4:08CV633 TIA, 2010 WL 1633389, at *2 (E.D. Mo. Apr. 22, 2010) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998)). In this case, Graybar's initial summary judgment motion was not supported by evidence. Rather, Graybar supplied supporting exhibits alongside its reply brief. The Court will allow WNR an opportunity to respond to the evidence and arguments in Graybar's reply brief.

Accordingly, WNR's motion for leave to file a sur-reply (ECF No. 31) is hereby **GRANTED**. WNR shall file its sur-reply **on or before July 18, 2019**.

**IT IS SO ORDERED**, this 11th day of July, 2019.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
Chief United States District Judge