IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GRAYBAR ELECTRIC COMPANY, INC.                                              PLAINTIFF

v.                              Case No. 4:18-cv-4128

WEYERHAEUSER COMPANY and
PREMIER IEC, LLC                                                            DEFENDANTS

**ORDER**

Before the Court is the Joint Stipulation of Dismissal (ECF No. 38) filed by Plaintiff Graybar Electric Company, Inc. ("Graybar") and Defendant Weyerhaeuser Company ("Weyerhaeuser"). The Court finds that no response is necessary and that the matter is ripe for consideration.

On July 18, 2019, Graybar and Weyerhaeuser filed the instant stipulation, indicating that they have resolved Graybar's claims against Weyerhaeuser in this case. Accordingly, they ask the Court to dismiss Graybar's claims against Weyerhaeuser with prejudice, with each party bearing its own fees and costs.[1]

An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The instant stipulation is signed by counsel for Graybar and Weyerhaeuser, but not by Defendant Premier IEC, LLC's ("Premier") counsel. Although Premier did not sign the stipulation of dismissal, this does not preclude dismissal of Graybar's claims against Weyerhaeuser because the docket reflects that Premier has not retained counsel,

---

[1] Graybar's complaint sets out one claim against Weyerhaeuser: a lien foreclosure claim. However, on July 11, 2019, the Court granted Graybar leave to file an amended complaint to also assert claims of unjust enrichment and conversion against Weyerhaeuser. Graybar has not yet filed its amended complaint, but the instant stipulation asks the Court to dismiss all of Graybar's claims against Weyerhaeuser that are "asserted in the Complaint, as amended or as proposed to be amended." (ECF No. 38). Thus, this order will cover Graybar's claims of lien foreclosure, unjust enrichment, and conversion against Weyerhaeuser.

filed any documents, or otherwise appeared in this matter. *See United States v. Altman*, 750 F.2d 684, 695 (8th Cir. 1984) ("[Rule 41] permits the dismissal of an action upon the signing of a stipulation by all parties *who have appeared* in the case.") (emphasis added). Premier has not appeared in this case, so Graybar and Weyerhaeuser's stipulation may be given effect without Premier's signature.

"Caselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). Thus, Graybar's claims against Weyerhaeuser were effectively dismissed when they filed the instant stipulation. However, for purposes of maintaining the Court's docket, the Court nonetheless issues this Order.

Graybar and Weyerhaeuser's stipulation of dismissal (ECF No. 38) should be and hereby is **GRANTED**. Graybar's claims of lien foreclosure, unjust enrichment, and conversion against Weyerhaeuser in this matter are hereby **DISMISSED WITH PREJUDICE**. Graybar and Weyerhaeuser shall bear their own fees and costs related to these dismissed claims. The Clerk of Court is **DIRECTED** to terminate Weyerhaeuser Company as a defendant in this case.

If any party desires that the terms of settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this order. The Court retains jurisdiction to vacate this order upon cause shown that the settlement has not been completed and further litigation is necessary.

Graybar's claim against Premier remains for further proceedings.

**IT IS SO ORDERED**, this 22nd day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge